## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

NELSON PEREZ, individually and on behalf
of all others similarly-situated,

               Plaintiff,                                CASE NO.

v.

KARAN REALTY ASSOCIATES, LLC,
and WALTER BLACK,

               Defendants.

--------------------------------------------------------X

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, NELSON PEREZ ("Plaintiff"), by and through his undersigned attorneys, as and for his Complaint against KARAN REALTY ASSOCIATES, LLC. and WALTER BLACK (collectively "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to others, as follows:

### NATURE OF THE ACTION

1.     This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employer furnish employees with a wage notice at hire containing specific categories of accurate information, N.Y. Lab. Law § 195(1); (v) the NYLL's requirement

DocuSign Envelope ID: 51637FB9-EAB7-4D76-9B32-70A612FD8F1D

of compensation for spread of hours; and (vi) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.　　The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

3.　　Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this District. Furthermore, Defendant's principal place of business and Plaintiff's employment was located within this District.

## THE PARTIES

4.　　At all times relevant, Plaintiff was over the age of 18, a resident of this District, *sui juris* and otherwise competent to file this action. At all relevant times herein, Plaintiff worked for Defendants in the State of New York and was and is an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

5.　　Defendant KARAN REALTY ASSOCIATES, LLC., is a New York limited liability company, with its principal place of business located in this District.

6.　　Upon information and belief, individual Defendant, WALTER BLACK, serves as owner, manager, principal and/or agent of KARAN REALTY ASSOCIATES, LLC, and through corporate entities, managed and participated in the day-to-day operations of the corporate Defendant, and who has the power to hire and fire employees, set wages and schedules, and retain their records, and who constitutes an "employer" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

DocuSign Envelope ID: 51637EB0-EAD7-4D76-9B32-704612FD3E1D

7.      At all relevant times herein, Defendants were an "employer" within the meaning of the FLSA and NYLL.

8.      On information and belief, at all times material hereto, Defendants' qualifying annual business exceeded and exceeds $500,000.00, and Defendants were engaged in interstate commerce within the meaning of the FLSA, which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COVERAGE

9.      During all material times, Defendant KARAN REALTY ASSOCIATES, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.      During all material times, Defendant KARAN REALTY ASSOCIATES, LLC, was an employer as defined by 29 U.S.C. § 203(d).

11.      During all material times, Defendant WALTER BLACK was an employer as defined by 29 U.S.C. § 203(d).

12.      Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

## COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiffs seeks to bring this suit to recover from Defendants unpaid wages, unpaid

overtime wages, compensation and liquidated damages, pursuant to the applicable provisions of

the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in

the following collective:

> Current and former superintendents, who during the applicable
> FLSA limitations period, performed any work for Defendants, and
> who consent to file a claim to recover damages for unpaid wages,
> overtime wages, damages and/or penalties that are is legally due to
> them ("FLSA Plaintiffs").

14.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and

all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar

manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid

the required one and one-half times their respective regular rates of pay for all hours worked per

workweek in excess of forty.

15.     At all times during the applicable FLSA limitations period, Defendants is and has

been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the

rate of one and one-half times their respective regular rates of pay for all hours worked each

workweek above forty, yet it purposefully and willfully chose and chooses not to do so.

16.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully

refusing to pay its employees overtime compensation for all hours worked per workweek above

forty in violation of the FLSA.

DocuSign Envelope ID: 51637FBB-EAD7-4D76-9B32-70A612FD3E1D

## FACTUAL ALLEGATIONS

19.     Defendant KARAN REALTY ASSOCIATES, LLC owns, operates, manages and/or controls a multi-unit residential building located at 109-10 Park Lane South, Richmond Hill, New York 11418, where Plaintiff was the superintendent/janitor for the building (the "Premises").

20.     On or about March 2020, Plaintiff commenced his employment with Defendants as the superintendent/janitor of the Premises and was compensated at a flat weekly rate of $600.00 per week.

21.     Plaintiff's duties as a superintendent required him to perform mostly manual labor.

22.     Defendants did not provide Plaintiff a proper and accurate Wage Notice upon being hired or proper and accurate Wage Statements for each pay period.

23.     At all times material, Plaintiff was regularly worked more than forty hours per work week. Plaintiff also regularly began and ended his day in a span of hours equal to or greater than ten hours. Further, Plaintiff regularly worked during normal business hours, nights, and weekends. In addition, Plaintiff was on call and required to respond to did respond to emergencies.

24.     At no point during his employment did the Defendants ever track Plaintiff's work hours or provide any means for Plaintiff to report his own work hours.

25.     Defendants never provided Plaintiff with the means of recording his work hours.

26.     Defendants provided Plaintiff with an apartment as part of his compensation. However, Defendants never provided Plaintiff with notice that a deduction would be taken for the furnishing of an apartment, nor how much the value of the apartment deduction would be.

27.     Defendants failed to provide Plaintiff, at the time of hiring, a statement that was in English and the employees' primary language (Spanish), containing: the rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any trade names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1) & 12 NYCRR §141-2.2.

28.     Throughout the entirety of Plaintiff's employment, Defendants failed to pay Plaintiff owed regular wages and overtime wages of time and one-half their regular rates for any hours that Plaintiffs worked over forty in a workweek.

29.     On each occasion when it paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual regular and overtime hours and wages for all hours worked during each work week.

30.     Additionally, Defendant intentionally did not provide Plaintiff with wage notices at the time of his hire that accurately contained, *inter alia*, Plaintiff's regular and overtime wage rates of pay as designated by the employer.

**COUNT I**
**FAILURE TO PAY OVERTIME WAGE COMPENSATION**
**IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, et se**q

Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

DocuSign Envelope ID: 51637FBB-FA87-4D76-9B22-704612FD3E1D

32.     Defendants suffered or permitted Plaintiff to work without paying him for all the overtime hours he worked at the required overtime rate of one and half times his wage rate.

33.     Defendants' actions were willful and intentional.

34.     By suffering or permitting Plaintiff to work without being paid proper overtime wages for each hour worked more than forty hours in a week.

35.     As a direct and proximate result of forcing Plaintiff to work without being paid a proper overtime hourly wage and requiring his, Plaintiff has been damaged for one or more weeks of work with Defendants.

## COUNT II
### Unpaid Overtime under the NYLL and the NYCCRR

Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a work week.

37.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, and Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

38.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate him in accordance with the NYLL's and the NYCCRR's overtime provisions. Plaintiff is entitled to his overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

39.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

7

DocuSign Envelope ID: 51637FBD-EAD7-4D76-9B32-704612FD3E1D

## COUNT III
### Unpaid Minimum Wage under the NYLL and NYCRR

40.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

41.     Defendants paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and/or 12 NYCRR § 141-1.2.

42.     Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of NYLL § 663.

43.     Plaintiff was damaged in an amount to be determined at trial.

## COUNT IV
### Failure to Furnish Proper Wage Statements in Violation of the NYLL

44.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

46.     As described above, Defendant, on each payday, failed to furnish Plaintiffs with accurate wage statements containing the criteria at issue.

47.     Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## COUNT V
### Failure to Furnish Proper Wage Statements in Violation of the NYLL

48.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

DocuSign Envelope ID: 51637FBB-EAD7-4D76-9B32-704612FD3E1D

49.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

50.     As described above, Defendant, on each payday, failed to furnish Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

51.     Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

**COUNT VI**
**(Violation of NYLL Spread-of-Hours Pay)**

52.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.      From his date of hire, Defendants failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of his workday -- including working time plus time off for meals plus intervals off duty -- was greater than l0 hours.

54.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

55.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorney's fees, costs and pre-judgment and post-judgment interest.

DocuSign Envelope ID: 51537EBB-EAD7-4D78-9B22-704612FD2E4D

## COUNT VII
## Failure to Furnish Proper Wage Notices in Violation of the NYLL

56.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

58.    As described above, Defendant failed to furnish Plaintiff with an accurate wage notice at hire containing all of the criteria required under the NYLL.

59.    Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants by:

(a) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under NYLL and the FLSA as to Plaintiff;

(b) A compensatory award of unpaid compensation, at a wage rate not to below minimum wage, statutory overtime rate due under the FLSA and spread of hours rate under NYLL;

(c) An award of liquidated damages as a result of Defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

(d) Liquidated damages for Defendants' New York Labor Law violations;

(e) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(f) Awarding Plaintiff damages for the amount of unpaid minimum wages and damages for improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages or the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, wages, and any deductions or credits taken against wages;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d); (k) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(l) Awarding Plaintiff, the expenses incurred in this action, including costs and attorneys' fees;

(m) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n) All such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury in this action.

DATED this __23rd__ day of **August,** 2022.

Respectfully Submitted,

LAW OFFICES OF NOLAN KLEIN
*Attorneys for Plaintiff*
5550 Glades Road, Suite 500
Boca Raton, FL 33431
PH:     (954) 745-0588
www.nklegal.com

By:   _/s/ Nolan K. Klein_____
NOLAN KLEIN, ESQ.
(NK 4223)
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

DocuSign Envelope ID: 51537EBB-EAD7-4D76-9B22-70A642FD2E1D

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LA LEY DE NORMAS LABORALES JUSTAS
## (FAIR LABOR STANDARDS ACT)

Yo, **NELSON PEREZ** soy un empleado o ex empleado de **KARAN REALTY ASSOCIATES, LLC** y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

8/23/2022

Fecha: _____, 2022.

_____

**NELSON PEREZ**

12